## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| THOMAS DAVID MILLS<br>    La. DOC #537152<br>VS.<br><br>LARRY GUY, ET AL. | CIVIL ACTION NO. 08-1266<br><br>SECTION P<br>JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Thomas David Mills filed the instant civil rights complaint (42 U.S.C. §1983) *in forma pauperis*, on August 25, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the J. Levy Dabadie Correctional Center, Pineville, Louisiana, however, he complains that he was the victim of excessive force and then denied prompt and adequate medical treatment while he was an inmate at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana during July, 2008. Plaintiff sues Deputy Larry Guy, the alleged perpetrator, Warden Jimmy Shivers, the Madison Parish Sheriff's Office, Madison Parish Sheriff Larry G. Cox, the LDOC and its Secretary, James LeBlanc. He asks for compensatory and punitive damages, an order directing Dy. Guy to submit to a polygraph examination and plaintiff's transfer to another institution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of F.R.C.P. Rule 41(b).

*Statement of the Case*

Plaintiff filed his complaint along with an amended complaint on August 25, 2008. [rec. doc. 1 and 3] On October 10, 2008, the undersigned completed an initial review pursuant to 28 U.S.C. §1915 and directed the plaintiff to amend his complaint to provide additional information within 30 days. [rec. doc. 8] More than 30 days have elapsed and plaintiff has failed to comply with the October 10, 2008 Memorandum Order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff's deficient complaint was reviewed pursuant to 28 U.S.C. §1915 and plaintiff was directed to amend the complaint to cure noted deficiencies. Plaintiff has failed or refused to comply with that order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, December 16th, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE